UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL DELUCA and DAWN DELUCA, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 15-40094-TSH |
| v. | ) ) | |
| ROBERT MERNER, PETER CHU, and CHARLES MOORE, | ) ) ) ) | |
| Defendants. | ) ) | |

## DECISION AND ORDER ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT
(Doc. No. 79)

**June 14, 2018**

**HILLMAN, D.J.**

### Background

Michael Deluca ("Mr. Deluca") and his now wife, Dawn Deluca ("Mrs. Deluca"), filed this action against Boston Police officers Peter Chu ("Officer Chu"), Robert Merner ("Officer Merner"), and Charles Moore ("Officer Moore") (collectively referred to as "Defendants"). The claims arise out of an incident that occurred after leaving a Bruins game at TD Boston Garden, located at 100 Legends Way in Boston, MA. Pursuant to this Court's order on the Defendants Motion to Dismiss (Doc. No. 28) and subject to the Amended Complaint (Doc. No. 54) the following counts remain: assault and battery of Mr. Deluca by Officer Merner (count I); assault and battery of Mrs. Deluca by Officer Moore (count II); violations of the Massachusetts Civil

Rights Act (MCRA) against the Deluca's by Officers Chu, Merner, and Moore (count III). The Defendants filed a motion for summary judgment as to all counts.

## Facts

On June 7, 2013, Mr. and Mrs. Deluca attended a Bruins playoff game in Boston. Prior to the game, they went to the Greatest Bar for food and drinks with two of their friends. Mr. Deluca had approximately five beers and Mrs. Deluca had two. Around 10:30 PM, after a Bruins win the Deluca's and their friends exited the arena with a large crowd of people onto Causeway Street. No one in the Deluca's direct vicinity was acting disorderly.

Mr. Deluca was carrying a professionally made sign that he wanted to show on the television screen at the Ace Tickets Window. The group walked down the street towards the intersection of Causeway Street and Friend Street, in the rain. There were no physical barriers restricting access to the area located by the Ace Tickets Window. As Mr. Deluca approached the Ace Tickets Window, Officer Chu, who was with a group of police officers, yelled at him to "get the fuck out of here." Officer Deluca asked what he had done wrong and Officer Chu repeated his order "to get the fuck out of here." Mr. Deluca identified himself as an off duty police officer and Officer Chu requested to see identification. While Mr. Deluca was looking for his identification, Officer Merner approached calling Mr. Deluca an asshole and ordering him to "get the fuck out of here." Officer Merner pointed his finger in Mr. Deluca's face and poked him several times. Mr. Deluca informed Officer Merner that he didn't know what he had done wrong. Officer Merner shoved Mr. Deluca with both hands causing Mr. Deluca to move backwards. Even though Officer Merner was informed that Mr. Deluca was an off-duty officer he continued to yell at and walk aggressively towards Mr. Deluca, forcing Mr. Deluca to take

multiple steps backwards. At some point, Officer Merner began to walk away but then re-approached Mr. Deluca, ripped the sign out of his hands, and threw it as he continued to curse at him.

Mrs. Deluca observed this interaction and approached the group of officers. She was shoved from the side by Officer Moore, which caused her to stumble backwards. Mrs. Deluca cursed at Officer Moore and asked why he had pushed her. She too was told that she needed "to get the fuck out of here." Mrs. Deluca informed Officer Moore that she was a nurse and again asked why she had been pushed. Officer Moore ordered her "to get the fuck out of here before you get arrested." The Deluca's left the area out of fear of being arrested.

## **Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when the disputed evidence, viewed in the light most favorable to the nonmoving party, would not lead a reasonable jury to resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby*, *Inc*., 477 U.S. 242, 247-48 (1986). It is the burden of the moving party to establish "an absence of evidence to support the non-moving party's position." *Mitchell v. City of Boston*, 130 F. Supp. 2d 201, 208 (D. Mass. 2001).

### *Assault and Battery*

A. *Officer Merner (Count I)*

"[A] public official, exercising judgment and discretion, is not liable for negligence or other error in the making of an official decision if the official acted in good faith, without malice,

3

and without corruption." *Nelson v. Salem State Coll.*, 446 Mass. 525, 537, 845 (2006). "There is every presumption in favor of the honesty and sufficiency of the motives actuating public officers in actions ostensibly taken for the general welfare." *S. Boston Betterment Tr. Corp. v. Boston Redev. Auth.*, 438 Mass. 57, 69 (2002) (quoting *Foster from Gloucester, Inc. v. City Council of Gloucester*, 10 Mass. App. Ct. 284, 294 (1980). "Police officers are permitted to take reasonable protective measures whenever the public safety is threatened by acts that are dangerous, even if not expressly unlawful," including disobedience of police orders. *Com. V. Marcavage*, 76 Mass. App. Ct. (2009).

To the extent that the Defendants argue that summary judgment should be granted as to the counts of assault and battery against Officer Merner, I disagree. While Officer Merner's use of force occurred within his discretionary functions, I find that the facts may permit a reasonable factfinder to conclude that he was not acting in good faith. Viewing the facts in the light most favorable to Plaintiffs, Mr. Deluca did nothing to warrant such aggressive behavior by Officer Merner. While Mr. Deluca did not immediately comply with the officers orders to leave the area, Officer Chu requested identification purportedly permitting Mr. Deluca to remain in the location for a short period of time. The record shows that Mr. Deluca and Officer Chu notified Officer Merner of this information but that did not halt his aggressive conduct. Officer Merner approached Officer Deluca from the start in an aggressive manner yelling expletives, pointing his finger in Mr. Deluca's face, poking his chest, shoving him, and ripping the sign out of his hand. Mr. Deluca was the only individual in the area of the Ace Tickets Window and although the street was crowded, no one around him was acting disorderly. I find that these facts taken

together could allow a reasonably jury to conclude that Officer Merner acted with hostility towards Mr. Deluca as a result of bad faith.[1]

B. *Officer Moore (Count II)*

"Assault and battery is the intentional and unjustified use of force upon the person of another, however slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another." *Lloyd v. Burt*, 997 F. Supp. 2d 71, 81 (D. Mass. 2014) (quoting *Spencer v. Roche,* 755 F.Supp.2d 250, 268 (D.Mass.2010)). Officer Moore argues that because there is no evidence that he intended to cause a harmful or offensive touching and because Mrs. Deluca did not see him prior to the touching she could not have been in fear, and he is entitled to summary judgment. However, Mrs. Deluca testified that Officer Moore shoved her with two hands which may reasonably be inferred to be an intentional and offensive contact.[2] Because I find that there is a genuine issue of fact as to Officer Moore's intent and the surrounding circumstances in which Mrs. Deluca was touched, summary judgment is denied.

<u>Massachusetts Civil Rights Act (Count III)</u>

A. *Qualified Immunity*

The doctrine of qualified immunity protects public officials conducting discretionary functions from civil liability "insofar as their conduct does not violate clearly established

---

[1] Defendants cite to *Foster v. McGrail*, where the court held that "[e]ven if we assume in this case that defendant McGrail exceeded his privilege to use force, there is no finding that McGrail was more than negligent in so doing…Under the rule of common law immunity…,the negligent act of a public official in the course of exercising discretion is not actionable." 844 F. Supp. 16, 28 (D. Mass. 1994). This case is distinguishable from the present matter because the court's decision came after a jury had determined that the defendant had only acted negligently. Here, there are facts in the present case that may permit a reasonable juror to infer that the Defendants acted with bad faith and not negligence therefore, the issue should be submitted to the jury.

[2] The Defendant's argument that Mrs. Deluca was not placed in apprehension of an offensive touching because she did not see Officer Moore approach does not change the outcome of this motion. Because the Court finds that there is evidence to support an assault and battery based on an attempted battery, apprehension is not required. *See Guzman v. Pring-Wilson*, 81 Mass. App. Ct. 430, 434 (2012) ("[A]n assault at common law is an act done with the intention of causing 'a harmful or offensive contact with the person of the other ..., or an imminent apprehension of such a contact [if] ... the other is thereby put in such imminent apprehension." (quoting Restatement (Second) of Torts § 21(1)).

statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In other words, qualified immunity does not apply if the facts alleged by the plaintiff make out a violation of a constitutional right and that constitutional right was clearly established at the time of the incident. *Maldonado v. Fontanes,* 568 F.3d 263, 269 (1st Cir. 2009). The purpose of qualified immunity is to provide remedies where appropriate against public officials who are incompetent or knowingly violate the law. *Malley v. Briggs,* 475 U.S. 335, 341 (1986). To analyze whether a right is clearly established the court should determine "(a) whether the legal contours of the right in question were sufficiently clear that a reasonable officer would have understood that what he was doing violated the right, and (b) whether in the particular factual context of the case, a reasonable officer would have understood that his conduct violated the right." *Mlodzinski v. Lewis,* 648 F.3d 24, 33 (1st Cir.2011). The court should look to the specific facts and circumstances of the case. *Mullenix v. Luna*, 136 S. Ct. 305 (2015). A "reasonable, although mistaken, conclusion about the lawfulness of one's conduct does not subject a government official to personal liability." *Lowinger v. Broderick*, 50 F.3d 61, 65 (1st Cir. 1995) (quoting *Cookish v. Powell*, 945 F.2d 441, 443 (1st Cir. 1991)). Claims under the MCRA "are subject to the same standard of immunity for police officers that is used for claims asserted under § 1983." *Raiche v. Pietroski*, 623 F.3d 30, 40 (1st Cir. 2010).

In Massachusetts, there is a fundamental right to "peacefully [] dwell within the limits of the [Commonwealth], [and] to move at will from place to place therein." *Com. v. Weston W.*, 455 Mass. 24, 33 (2009) (quoting *United States v. Wheeler*, 254 U.S. 281, 293 (1920)). Plaintiffs argue that the Defendant's violated this right when they ordered the Plaintiffs to leave the area, threatened to arrest them for refusal to leave, and used physical force. Assuming for purposes of this motion, that the right to be present on a public walkway for a brief moment falls within the

fundamental right to travel, the Defendants are entitled to qualified immunity because such a right was not clearly established at the time.

The Plaintiffs point to *Weston W.* to argue that it is clear that a constitutional right to travel exists in Massachusetts. However, Plaintiffs' ignore the fact that the right to travel is not absolute. *Com. v. Weston W.*, 455 Mass. 24, 33 (2009). Restrictions imposed on the right to travel may vary from "draconian curfew" to "ordinary stoplights" with varying standards of review based on the significance of the restrictions imposed. *Id*. (internal citations omitted). In *Weston W.*, the restriction imposed on the plaintiff's right to travel was a curfew requiring that minors be at home between the hours of 11 PM and 5 AM. In the present case, the infringement imposed on Plaintiffs was an order to leave a public area. An order requesting a person to leave a public area imposes a much less significant restriction on a person's right to travel than a curfew prohibiting a person's ability to move from a particular location for six hours. *Weston W.* is therefore readily distinguishable from this case and not sufficient to put officers on notice that the alleged conduct violated the Plaintiffs right to travel.

The Plaintiffs also point to *Johnson v. Celester* in an effort to show that the right to be present on a public way was clearly established. *Johnson v. Celester*, 105 F. Supp. 3d 145 (D. Mass. 2015). One of the *Johnson* plaintiff's was walking on a public sidewalk inquiring as to why her husband was being arrested when a police officer threatened to arrest her if she did not go back inside her home. *Johnson*, 105 F. Supp. 3d. at 150-51. The court found that the plaintiff failed to articulate a constitutional violation when officers demanded that she leave the public area.[3] *Id*. Specifically, the court stated that the plaintiff "failed to allege what, *if any*, constitutional rights of hers were violated." *Id*. at 151 (emphasis added). Therefore, at the very

---

[3] The court noted that the plaintiff failed to cite the United States or Massachusetts Constitutions in her argument however, because the court failed to further discuss whether this conduct constituted a violation had the plaintiff included appropriate citations, it does not follow that this case could have placed the Defendants on notice.

most, this decision shows that the right to travel *may* include a person's right to stand in a public area for a brief moment of time. It cannot follow that at the time of this incident, two years prior to the *Johnson* decision, such a right was clearly established.[4]

Furthermore, looking to the particular circumstances of this case a reasonable officer could have believed that demanding a person to leave the public area, even rudely, and threatening to arrest him or her for failing to comply was lawful. The Deluca's were walking on Causeway Street after the Bruins had won a playoff game with thousands of other fans. Additionally, there are a large number of bars, which are particularly busy during sporting events, located around the area of Causeway Street. Many people drink during sporting events and people's emotions run high especially during playoffs. Even assuming that the Defendants were not specifically ordered to keep the area by the Ace Tickets Window clear, police officers have a duty to maintain public safety, which includes controlling the crowd. In the particular circumstances presented here, it was not objectively unreasonable for a reasonable police officer to believe that ordering a person to keep moving was lawful. For these reasons, I find that the Defendants are entitled to qualified immunity.

## **Conclusion**

For the foregoing reasons, the Defendants motion for summary judgment (Doc. No. 90) is **_denied_** as to the assault and battery claims against Officer Merner and Office Moore and **_granted_** as to the MCRA claims.

---

[4] The Plaintiffs attempt to argue that the court's decision to deny summary judgment as to the other plaintiff's MCRA claim fails. The other plaintiff alleged a violation of her Fourth Amendment rights and therefore is entirely irrelevant to the analysis as to whether the instant Plaintiffs' right to travel was clearly established. *Johnson v. Celester*, 105 F. Supp. 3d 145 (D. Mass. 2015) (court found sufficient facts to create a factual issue as to whether the officer's grabbing and slamming of the plaintiff constituted a seizure in violation of the plaintiff's Fourth Amendment rights).

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN
DISTRICT JUDGE**